UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AONRAI C. JERRY,

    Plaintiff,

v.

                                    Case No. 1:24-cv-581

HEIDI WASHINGTON, et al.,                  Hon. Hala Y. Jarbou

    Defendants.
_____/

**ORDER**

Plaintiff claims that Defendants' use of excessive force against him violated his Eighth Amendment rights. (Compl., ECF No. 1, PageID.3.) On August 19, 2025, Magistrate Judge Sally J. Berens issued a report and recommendation (R&R) recommending that the Court grant Defendant Jenkins's motion for summary judgment and dismiss the remaining Defendants because Plaintiff failed to exhaust his administrative remedies. (R&R, ECF No. 25.) Now before the Court are Plaintiff's objections to the R&R (ECF No. 26). For the following reasons, Plaintiff's objections are overruled, and the magistrate judge's R&R is adopted.

Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

In her R&R, the magistrate judge noted that Plaintiff did not exhaust his administrative remedies before filing this lawsuit, which is a necessary step to be able to pursue his claims in court. (R&R 3, 4.) In his objections, Plaintiff admits that he did not exhaust his remedies. (Pl.'s

Objs. 1.) But he argues that administrative remedies were not available to him because he could not access paper, pens, or pencils while on suicide watch. (*Id.*) He explains that that the Michigan Department of Corrections put him on suicide watch as a form of retaliation. (*Id.* at 1-2.)

Plaintiff did not include this argument in his complaint or in response to Defendant Jenkins's motion. In fact, Plaintiff did not file a response to the motion at all. (R&R 1.) As a result, this argument is waived and will not be considered by the Court. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (noting that, "absent compelling reasons," the Magistrate Judge Act "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"); *see also Russell v. Berkshire*, No. 1:19-CV-1014, 2020 WL 6498910, at *2 (W.D. Mich. Nov. 5, 2020) (rejecting a prisoner's argument that the administrative process was not available to her as waived because she failed to present it to the magistrate judge first).

Plaintiff also renews his request for a court-appointed attorney. (Pl.'s Objs. 2.) The magistrate judge denied this request in a previous order (ECF No. 13), which the Court declines to revisit here.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 26) are **OVERRULED**.

**IT IS FURTHER ORDERED** that that the R&R (ECF No. 25) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Jenkins's motion for summary judgment (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Jenkins is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants Unknown Parties ##1 and 2 are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to certify that an appeal would not be taken in good faith.

A judgment will enter that is consistent with this Order.

Dated: October 2, 2025              /s/ Hala Y. Jarbou
                                                  HALA Y. JARBOU
                                                  CHIEF UNITED STATES DISTRICT JUDGE